UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO RUMBLEY,

         Movant,

v.

UNITED STATES OF AMERICA,

         Respondent.
_____/

Criminal Case No. 14-20311
Civil Case No. 16-11515

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER DENYING AS MOOT MOTION TO CLAIRFY [SIC] AND OR STRIKE PREVIOUS MOTION SUBMITTED BY APPOINTED COUNSEL [65]; DENYING WITHOUT PREJUDICE MOVANT'S REQUEST TO REMOVE APPOINTED COUNSEL; AND DIRECTING THE GOVERNMENT TO RESPOND TO MOTION TO HOLD CASE IN ABEYANCE AND FOR LEAVE TO FILE REPLY BRIEF [75];**

On February 25, 2015, Movant Lorenzo Rumbley was charged via superseding indictment [Dkt. 42] with four counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2; and four counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and §2. Mr. Rumbley pled guilty to Counts 3 and 4 – interference with commerce by robbery and brandishing a firearm during and in relation to a crime of violence, respectively – on March 11, 2015. The Court sentenced Defendant to 12 months' imprisonment on Count 3 and 84 months' imprisonment on Count 4, Count 4 to run consecutive to Count 3.

On April 26, 2016, Mr. Rumbley timely filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 [50], in which he raised two arguments: first, that his trial counsel rendered ineffective assistance, in violation of his Sixth Amendment right to counsel; and second, that Hobbs Act robbery does not qualify as a crime of violence that can act as a predicate for a conviction under 18 U.S.C. § 924(c), in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). Because the Government filed a Motion to Interview Defense Counsel Regarding Privileged Matters [55], the Court determined that appointment of counsel was necessary to ensure that any waiver of Mr. Rumbley's attorney-client privilege was truly knowing and voluntary. Mr. Rumbley's attorney, Ellen Dennis, accepted appointment pursuant to the Criminal Justice Act (CJA) on August 18, 2016.[1]

Mr. Rumbley, by and through Ms. Dennis, filed a Supplemental Brief [70] on December 19, 2016. The Government responded to Mr. Rumbley's Motion to Vacate on February 16, 2017 [74]. On March 6, 2017, Mr. Rumbley, by and through Ms. Dennis, filed a Motion to Hold Case in Abeyance and for Leave to File Reply Brief [75].

---

[1] The Court appointed the Federal Defender to represent Mr. Rumbley on May 12, 2016. F. Randall Karfonta accepted appointment on May 20, 2016. Mr. Karfonta withdrew from representation on August 17, 2016.

Mr. Rumbley wrote to the Court on March 9, 2017 and April 4, 2017.[2] In the first Letter [76], Mr. Rumbley explained that the brief filed by counsel was incorrect and contradicts his "original pro se brief." He asked the Court to strike both the Supplemental Brief [70] and the "abeyance motion" and to "apply [the] original pro se brief and allow [counsel] additional time to respond." In the second Letter [77], Mr. Rumbley stated: "I have probably [sic] cause and reason to believe that the government (prosecution) as well as my attorney, Ellen Dennis, are guilty of conspiring against me in the attempt to undermined [sic] my defense." He also asked the Court to "relieve my attorney from this case and provide me the defendant the chance to submit a brief and affidavit of fact that substantiate's [sic] my claim, or provide me another attorney to defend my interest."

Three of the cases cited in Movant's Supplemental Brief [70] are pending in various courts: *United States v. Edmonson*, No. 16-4426 (4th Cir. Jan. 24, 2017) is held in abeyance pending the Supreme Court's decision in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016);[3] and the Supreme Court is currently considering whether to grant the petition for writ of certiorari filed in *United States v. Taylor*, 814 F.3d 340 (6th

---

[2] These letters were not filed with the Court until March 22, 2017 and April 12, 2017, respectively [76, 77].

[3] The *Lynch* oral arguments took place on January 17, 2017. *See* Dkt. 75-3.

Cir. 2016).[4] Therefore, a response from the Government will help the Court resolve Mr. Rumbley's motion to hold this case in abeyance. The Government is directed to respond within 30 days after entry of this Order. Moreover, given the uncertainty of the aforementioned cases at this point, the Court believes that it is to Mr. Rumbley's benefit to retain Ms. Dennis as appointed counsel at this time. Finally, as stated in the Court's August 17, 2016 Order [66], there is no need to strike the Supplemental Brief [61] from the record, since the Court may simply disregard the arguments presented.

Accordingly,

**IT IS ORDERED** that the Government will file a response to Movant's Motion to Hold Case in Abeyance and for Leave to File Reply Brief [75] within 30 days after entry of this Order.

**IT IS FURTHER ORDERED** that Movant's Motion to Clairfy [sic] and or Strike previous Motion submitted by appointed counsel [65] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Movant's Request for the Court to remove appointed counsel from this case is **DENIED WITHOUT PREJUDICE**.

---

[4] Rejon Taylor filed the petition for a writ of certiorari on October 6, 2016. *Docket for Rejon Taylor, Petitioner v. United States*, SUPREME COURT OF THE UNITED STATES, https://www.supremecourt.gov/search.aspx?filename=/docketfiles/16-6392.htm (last visited Apr. 12, 2017). The Government has until May 15, 2017 to respond to Mr. Taylor's petition for a writ of certiorari. *Id.*

If Mr. Rumbley wishes to remove appointed counsel after the Court has decided the Motion to Hold Case in Abeyance and for Leave to File Reply Brief [75], he may file a motion with the Court at that time.

    **SO ORDERED**.

|  |  |
|---|---|
| Dated: April 28, 2017 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |