UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO RUMBLEY,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Criminal Case No. 14-20311
Civil Case No. 16-11515

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOTION TO HOLD CASE IN ABEYANCE AND FOR LEAVE TO FILE REPLY BRIEF [75]; DENYING MOVANT'S MOTION TO VACATE SENTENCE UNDER § 2255 [50]; DENYING AS MOOT MOVANT'S REQUEST TO REMOVE APPOINTED COUNSEL; AND DENYING CERTIFICATE OF APPEALABILITY**

Movant Lorenzo Rumbley filed a Motion to Vacate Sentence Under 28 U.S.C. §2255 [50] on April 26, 2016. The Government responded to the Motion to Vacate on February 16, 2017 [74]. On March 6, 2017, Mr. Rumbley filed a Motion to Hold Case in Abeyance and for Leave to File Reply Brief [75].

Movant's Motion to Hold Case in Abeyance and for Leave to File Reply Brief [75] is **DENIED** because the cases to which he cites have no bearing on his own case. Movant's Motion to Vacate Sentence Under § 2255 [50] is also **DENIED** because the Sixth Circuit recently determined that Hobbs Act Robbery, the crime for which Mr. Rumbley was convicted, is a crime of violence under the

elements clause of 18 U.S.C. § 924(c)(3). *See United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017). Accordingly, Movant is denied a certificate of appealability. Lastly, Movant's request to remove appointed counsel Ellen Dennis is **DENIED AS MOOT**.

**FACTUAL BACKGROUND**

On February 25, 2015, Defendant Lorenzo Rumbley was charged via superseding indictment [42] with four counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2; and four counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and §2. Mr. Rumbley pled guilty to Counts 3 and 4 – interference with commerce by robbery and brandishing a firearm during and in relation to a crime of violence, respectively – on March 11, 2015. The Court sentenced Defendant to 12 months' imprisonment on Count 3 and 84 months' imprisonment on Count 4, Count 4 to run consecutive to Count 3.

Mr. Rumbley raised two issues in his original motion to vacate: ineffective assistance of counsel, in violation of his Sixth Amendment right to counsel, and the unconstitutional vagueness of the predicate offense, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## ANALYSIS

### I. Motion to Hold Case in Abeyance and for Leave to File Reply Brief

Movant claims that the Court should hold his case in abeyance because *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), which is currently pending in the Supreme Court, will assist the Court in making its decision. He further states that the Court should wait to decide this case because a petition for writ of certiorari was filed in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

Mr. Rumbley's motion must be denied for several reasons. First, in *Dimaya v. Lynch*, the Ninth Circuit held that *the residual clause*, § 16(b), of the Immigration and Nationality Act ("INA"), was unconstitutionally vague. 803 F.3d 1110, 1120 (9th Cir. 2015). The Sixth Circuit recently made the same determination. *Shuti v. Lynch*, 828 F.3d 440, 451 (6th Cir. 2016) ("[T]he INA's definition of 'crime of violence' . . . [is] void for vagueness."). The *Shuti* Court also specifically noted that its decision was "wholly consistent with our conclusion [in *Taylor*] . . . that 18 U.S.C. § 924(c)'s definition of crime of violence was *not* unconstitutionally vague." *Id.* at 449 (emphasis added). This is because

> [T]he statute at issue in *Taylor* is a criminal offense and 'creation of risk is an element of the crime.' *See Johnson*, 135 S. Ct. at 2557 . . . Unlike the . . . INA, which require[s] a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilty beyond a reasonable doubt – by a jury, in the same proceeding.

*Id.*

Furthermore, as the Government highlights, Mr. Rumbley's case involves the *elements* clause of § 924(c). Accordingly, "*Dimaya*, which concerns the validity of the *residual* clause of section 16, has no bearing on whether Hobbs Act robbery is a crime of violence under the *elements* clause of 924(c)." (Gov.'s Resp., Dkt. 79 at 4-5).

It is also inappropriate for the Court to delay its decision because there is no connection between Mr. Rumbley's case and *Taylor*. The *Taylor* Court held that *the residual clause* of § 924(c)(3) was not unconstitutionally vague. *See Taylor*, 814 F.3d at 376-79. As previously mentioned, Mr. Rumbley's case falls under *the elements clause* of § 924(c)(3).

## II. Motion to Vacate Sentence under 28 U.S.C. § 2255

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Mr. Rumbley first claims that his trial counsel was ineffective because, among other things, he did not raise arguments and file certain pretrial motions as

requested by Movant and he failed to recognize that Hobbs Act robbery could not be a predicate for a § 924(c) conviction. Mr. Rumbley further argues that Hobbs Act robbery is no longer considered a crime of violence that can serve as a predicate for a conviction under § 924(c).

### A. Movant's trial counsel's performance was not deficient.

Movant argues that his counsel was ineffective because he did not provide "viable defence [sic] options," "refused to raise arguments and file pretrial motions" as requested by Movant, took advantage of Movant's "inability to interpret law to convince [Movant] that he had no options," and failed to recognize and advise Movant that Hobbs Act robbery could not be a predicate for a § 924(c) conviction.

To establish ineffective assistance of counsel, Movant must show that his counsel rendered deficient performance and thereby prejudiced Movant's defense so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Proving deficient performance requires Mr. Rumbley to show that his attorney's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Id.* Courts should generally "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Movant here does not provide specific facts or information as to how his counsel rendered ineffective assistance. For instance, although Movant claims to have been "mislead, misinformed, and misguided" by counsel, he does not explain how. He also fails to specify the arguments or pretrial motions his attorney should have raised. These allegations, which are "unreasonably vague [and] conclusory," are insufficient to support a request for relief under § 2255. *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992); *see also Robinson v. United States*, 582 F. Supp. 2d 919, 925 (N.D. Ohio 2008). Furthermore, as discussed below, *Johnson* has no effect on Movant's conviction, so counsel's performance was not defective in that respect.

### B. Hobbs Act Robbery qualifies as a crime of violence that supports a conviction under 18 U.S.C. § 924(c).

Mr. Rumbley argues that Hobbs Act robbery categorically fails to qualify as a crime of violence and that it cannot support a conviction under 18 U.S.C. § 924(c) in light of *Johnson*.

18 U.S.C. § 924(c)(3) defines "crime of violence" as a felony that

(A) Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense.

The Hobbs Act robbery statute provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The statute defines robbery as

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Applying the categorical approach and "focus[ing] on the statutory definition of the offense, rather than the manner in which [Movant] may have violated the statute in a particular circumstance," the Court finds that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016). This is in line with the Sixth Circuit's recent decision in *Gooch*, *supra* where it determined that Hobbs Act robbery constitutes a crime of violence under *the elements clause* of § 924(c)(3) because it clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 850 F.3d at 291-92.

## Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's Motion to Hold Case in Abeyance and for Leave to File Reply Brief [75] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [50] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Request to Remove Appointed Counsel Ellen Dennis is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Movant's Certificate of Appealability is **DENIED.**

**SO ORDERED**.

Dated: June 21, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge